## THE COX SHOPS, INC.
vs.
## THE COLLINS COMPANY

Superior Court        Hartford County        File #54527

Present:   Hon. ERNEST A. INGLIS, Judge.

William J. Hogan;
Richardson Bronson,                Attorneys for the Plaintiff.

Shipman & Goodwin,                Attorneys for the Defendant.

MEMORANDUM FILED NOVEMBER 4, 1936.

INGLIS, J. Section 3001 of the General Statutes, Revision of 1930 creates a state board of civil engineers "who shall have supervision of all dams and reservoirs in any locality where, by the breaking away of the same, life and property may be in danger. Section 3004 requires that any person before he "shall construct a dam or reservoir or alter, add to or replace any dam in a locality where life or property may be endangered through the insufficiency thereof" must procure the approval thereof of the state board of civil engineers. Section 3007 provides that any person failing to procure such approval for such a dam shall forfeit $500 to the State. It is obviously the purpose of these statutes to protect downstream proprietors against the event of a dam giving way and not to protect upstream proprietors.

The complaint in this case alleges that the defendant constructed flashboards on its dam in such a manner that it might well be concluded that they were an addition to its dam. The allegation here sought to be expunged is, in substance, that those flashboards were so constructed without the approval of the state board of civil engineers as required by Section 3004.

The plaintiff is an upstream proprietor and claims to have been injured by reason of the ice piling up against the flashboards and forcing the water back on to its land.

It is nowhere alleged in the complaint that the dam was in a "locality where life or property may be endangered through the insufficiency" of the dam or the flashboards. It therefore does not appear that, in putting up the flashboards without obtaining the approval of the state board of civil engineers, the defendant violated this statute.

Moreover if it is assumed that the complaint had set out facts which would state a violation of the statute such a violation of the statute would add nothing to the plaintiff's cause of action in this case. That is true whether the plaintiff rests his cause of action on negligence or on nuisance.

It is well settled that the violation of a statutory duty is the foundation of an action in favor of such persons only as belong to the class intended by the legislature to be protected by that statute.

1 C. J. 952 (Actions, Sec. 47).

Section 3004 is primarily a penal statute. It does not explicitly create a cause of action in favor of anyone except the State and that for a forfeiture. It does not set up a standard of care. It does not purport to define a nuisance. It is obviously passed only for the protection of downstream proprietors and therefore not for the benefit of any class of which the plaintiff is a member.

For the foregoing reasons it is clear that the allegation that the defendants had failed to procure the approval of the State Board of Civil Engineers as set out in Section 3004 is irrelevant and should be expunged.

The motion to expunge is granted.